**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HUTCH MCELWAIN,

Plaintiff, Case No. 25-13052
v. Hon. Denise Page Hood

US AIR FORCE, SECRETARY OF, TONY E MEINK; NATIONAL GUARD BUREAU

Defendant.
_______________________________/

**ORDER GRANTING DEFENDANT'S MOTION TO DIMISS [ECF NO. 8]**

## I. INTRODUCTION

Before the Court is Defendant Troy E. Meink, Secretary of the Air Force, National Guard Bureau's ("Defendant") motion to dismiss Plaintiff Hutch McElwain's ("Plaintiff") complaint. [ECF No. 8]. The motion is fully briefed. [ECF Nos. 11, 12]. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## II. BACKGROUND

Plaintiff was a former dual-status technician at the Selfridge Air National Guard Base in Harrison Township, Michigan. [ECF No. 1, PageID.2]. The Selfridge Air National Guard Base is operated by the Michigan National Guard, which is a

component of the United States Air Force. *Id*. Plaintiff states that he began service with the Michigan Air National Guard in 1987 as a dual-status technician and consistently met all training, fitness, and medical requirements. [*Id*. at PageID.3]. Plaintiff alleges that beginning around 2013 he assumed significant supervisory duties in the Aircrew Flight Equipment shop and was never compensated at the appropriate level despite assurances that he would be compensated. *Id*. In 2014, Plaintiff applied for the position of Aircraft Survival Flight Equipment Repairer Supervisor. *Id*. This position was also a dual-status role. [ECF No. 8-2; ECF No. 11, PageID.64]. Plaintiff claims that Lt. Col. William Henderson controlled the hiring process and violated established selection board procedures and his decision was tainted by favoritism, fraternization, and bias. [*Id*. at PageID.3]. Plaintiff asserts that Henderson and others referenced Plaintiff's age and retirement eligibility in discussion around the position. *Id*. Plaintiff was 51 years old at the time and was passed over for the position in favor of a younger less qualified female candidate. *Id*. Plaintiff states he reported fraud, safety concerns and EEO issues in 2015. *Id*. Plaintiff alleges, "[i]n retaliation, leadership delayed his transfer paperwork, undermined his supervisory status, and denied him selection which ultimately caused his retirement without promotion." [*Id*. at PageID.3-4].

Plaintiff challenged his non-selection for the supervisor role as discriminatory by filing an EEO complaint 2015. *Id*. On December 9, 2015, the National Guard Bureau

("NGB") dismissed Plaintiff's allegations of discrimination based on gender and age. [ECF No. 8-4]. Plaintiff appealed the dismissal to the EEOC Office of Federal Operations ("OFO"). [ECF No. 1, PageID.2]. Plaintiff alleges, on March 10, 2016, the OFO issued a final decision directing the Agency to process the matter by either issuing a final decision or accepting the matter for further investigation, with strict deadlines for completion. [*Id*. at PageID.5]. On March 11, 2016. Plaintiff filed a petition for reinforcement of the OFO decision. [*Id*. at PageID.8].

On May 24, 2016, the NBG issued a notice of dismissal and remand of Plaintiff's discrimination complaint. [ECF No. 8-5]. The NGB found that Plaintiff's complaints were military in nature and could not be processed through the civilian discrimination system established by Title VII. [*Id*. at PageID.51]. The NGB determined that Plaintiff's claims were not reviewable in accordance with 32 U.S.C. § 709 and the *Feres*[1] doctrine. *Id*. The NGB found that during all periods of the alleged discrimination, all parties were in Title 10 status, dual-status technician roles, or performing military duties and that the "underlying issues [were] purely military issues and must be processed accordingly." [*Id*. at PageID.52]. The NGB reviewed and remanded Plaintiff's gender discrimination allegation for investigation pursuant to the Military Discrimination Complaint System. [*Id*. at PageID.53]. Plaintiff's age

---

[1] *Feres v. United States*, 340 U.S. 135, 71 S. Ct. 153 (1950).

discrimination claim was dismissed on timeliness grounds and because "age is not a protected class under the Military Discrimination Complaint System." *Id*.

On June 26, 2025, the OFO issued a decision on Plaintiff's March 11, 2016, petition for enforcement. [ECF No. 1, PageID.8]. The Commission determined that the Agency had not complied with its prior decision or refused to submit a required report of compliance and notified Plaintiff that its administrative efforts were complete. [*Id*. at PageID.9]. The decision provided that Plaintiff could file a civil action for enforcement of the decision and seek a judicial review of the agency's actions or commence de novo proceedings. *Id*.

On September 28, 2025, Plaintiff filed this complaint alleging the following five claims against Defendant: (1) an age discrimination claim in violation of 29 USC § 623 (Count I); (2) a sex discrimination claim in violation of title VII, 42 USC § 200e-2 (Count II); a retaliation claim in violation of Title VII and Age Discrimination in Employment Act ("ADEA") (Count III); and a hostile work environment claim (Count IV). [ECF No. 1, PageID.4]. On April 16, 2026, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. [ECF No. 8]. Plaintiff filed a response on June 23, 2026. [ECF No. 11]. Defendant filed a reply on Jul 1, 2026. [ECF No.13]. A hearing was held on Wednesday, July 8, 2026.

## III. APPLICABLE LAW

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). In reviewing a motion under Rule 12(b), the "court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). When faced with a challenge to subject matter jurisdiction, "a court must address that issue before all others." *Cain v. Redbox Automated Retail, LLC*, 981 F. Supp.2d 674, 681 (E.D. Mich. 2013) (collecting cases). Motions under Rule 12(b)(1) fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges "the sufficiency of the pleading itself," and the "court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). A factual attack does not challenge the sufficiency of the allegations but is a "challenge to the factual existence of subject matter jurisdiction," to which "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear a case." *Id.* (internal citation omitted).

## IV. ANALYSIS

Defendant seeks dismissal of Plaintiff's complaint for lack of subject matter jurisdiction. [ECF No. 9, PageID.37]. Defendant argues that Plaintiff's complaint alleges discrimination based on his non-selection for a dual status technician role and his employment as a dual status technician. *Id*. Defendant contends that these issues involved military decisions and other individuals performing military duties or on military status. *Id*. As such, the *Feres* doctrine requires Plaintiff to pursue his claims through military channels, not Title VII or the ADEA. *Id*.

Plaintiff argues that the *Feres* decision addressed injuries incident to military service. [ECF No. 11, PageID.63]. Plaintiff contends it is inapplicable in this case because he seeks relief for discrimination and retaliation in employment, not damages arising from military activities or decisions. *Id.*

The *Feres* doctrine of intra-military immunity precludes members of the military from pursuing claims against the military or the United States for injuries that arise out of or in the course of military service. *See Feres*, 340 U.S. at 146. Subsequently, the Court broadened *Feres* holding that "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Chappell v. Wallace*, 462 U.S. 296, 305, 76 L. Ed. 2d 586, 103 S. Ct. 2362 (1983). The *Chappell* Court found that "the special nature of military life—the need for unhesitating and decisive action by military officers and equally disciplined

responses by enlisted personnel—would be undermined by a judicially created remedy exposing officers to personal liability at the hand of those they are charged to command." *Id.* at 304. Additionally, the courts of appeals have extended *Feres* to encompass § 1983 claims and Title VII claims brought by services members that are incident to military services. *Daniel v. Hagel*, 17 F. Supp. 3d 680, 685 (E.D. Mich. 2014) (citations omitted).

Plaintiff argues that simply being a dual-status technician and seeking a promotion to another dual-status role does not preclude his claims under *Feres* and 6th Circuit precedent. [ECF No. 11, PageID.64]. Plaintiff argues that Defendant's reliance on *Fisher v. Peters,* 249 F.3d 433 (6th Cir. 2001), *Leistiko v. Stone,* 134 F.3d 817 (6th Cir. 1998), and *Brown v. Roche,* 206 F. App'x 430, 432 (6th Cir. 2006), is misplaced because "those decisions do not establish a per se rule that every employment action involving a dual-status technician is immune from judicial review." [*Id*. at PageID.64-65]. Plaintiff contends, however, that *Fisher* provides the proper inquiry for the Court; that inquiry is whether adjudication would intrude into military decision-making or require review of matters integrally related to military command and readiness. [*Id*. at PageID.65].

In *Fisher*, the Sixth Circuit held that a National Guard dual-status technician's Title VII discrimination claim was non-justiciable because technician positions are "irreducibly military in nature." *Fisher*, 249 F.3d at 443. The plaintiff in *Fisher* was

denied a promotion on three different occasions while holding a dual civilian/military position with the Tennessee Air National Guard. *Id.* at 434-36. Following each promotion denial, the plaintiff filed administrative complaints with the Equal Employment Opportunity Office alleging gender discrimination. *Id.* at 436. Thereafter, as instructed by the Director of the EEO Office, the plaintiff filed suit against the acting Secretary of the Air Force, alleging violations of Title VII. *Id.* at 437. The court rejected the plaintiff's argument that her discrimination claim was only related to her civilian position and not her weekend military service. *Id.* at 443. Following the rationale of *Leistiko*, the Court held that National Guard dual-status technicians' claims were non-justiciable and could only be pursued through military channels because such technician positions are "irreducibly military in nature." *Id.* Unpersuaded by the plaintiff's attempt to distinguish the civilian nature of her duties, the Court went as far as noting that "the National Guard as a whole is irreducibly military." *Id.* at 440.

The Sixth Circuit has continued to apply a "bright line" rule and has held that, because dual-status National Guard positions are "irreducibly military in nature," discrimination claims brought by such technicians are non-justiciable. *Daniel v. Hagel*, 17 F. Supp. 3d 680, 685 (E.D. Mich. 2014) (citing *Weaver v. Tenn. Army Nat'l Guard*, 30 F. App'x 554 (6th Cir. 2002) (Title VII claim barred); *Brown v. Roche*, 206 F. App'x 430, 432 (6th Cir. 2006) (affirming Rule 12(b)(1) dismissal of

plaintiff's ADEA claim); *see also Bowers v. Wynne*, 615 F.3d 455, 457 (6th Cir. 2010) (holding Title VII and Rehabilitation claims brought by a dual-status Air Reserve Technician barred)).

Here, there is no dispute that Plaintiff's claims arise from his former employment as a dual-status technician with the Michigan Air National Guard. [ECF No. 1; ECF No. 8, PageID.34]. Under the *Feres* doctrine, this Court lacks jurisdiction and Plaintiff's Title VII claims of discrimination, hostile work environment, and retaliation are dismissed.

Last, Plaintiff argues that Defendant's motion to dismiss ignores the EEOC's June 26, 2025, statement that Plaintiff could seek judicial review and commence de novo proceedings in federal court. [ECF No. 11, PageID.66]. In reply, Defendant argues Plaintiff cannot establish that his claims are justiciable based on the EEOC's order as he seeks de novo judicial review and full relief. [ECF No. 13, PageID.77]. Plaintiff also has "no viable underlying substantive cause of action" for his enforcement claim to proceed. *Id*.

As one court has explained, while the EEOC may have granted a plaintiff relief, that does not mean that the court can enforce it when such claims are otherwise barred by the *Feres* doctrine:

> In short, dual-status military technicians such as Plaintiffs risk an uncertain outcome when making complaints to the EEOC.

> The EEOC will investigate their claims, because they are civilian employees, and will potentially grant relief. As here, the military agencies may then refuse to comply, and if those dual-status military technicians go to court to enforce the EEOC's ordered relief, they may be met with the *Feres* doctrine precluding any judicial action in their favor.

*McBride v. Hegseth,* No. 1:25-cv-00444-KES-EPG, 2026 U.S. Dist. LEXIS 118220, at *18-19 (E.D. Cal. May 28, 2026) (citing *Neville v. Burrows*, No. CV 22-3246 (RC), 2024 U.S. Dist. LEXIS 24581, 2024 WL 578986, at *11 (D.D.C. Feb. 13, 2024), *aff'd sub nom. Neville v. Lucas*, No. 24-5103, 2025 U.S. App. LEXIS 9090, 2025 WL 1122199 (D.C. Cir. Apr. 16, 2025)).

## V. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss [ECF No. 8] for lack of subject matter jurisdiction.

**IT IS ORDERED** that Defendant Troy E. Meink, Secretary of the Air Force, National Guard Bureau's Motion to Dismiss [ECF No. 8] is **GRANTED**;

**IT IS FURTHER ORDERED** that this action is DISMISSED with prejudice and designated as CLOSED on the Court's Docket.

**SO ORDERED.**

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 30, 2026